**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM D. FITZGERALD,

          Plaintiff - Appellant,

  v.

COUNTY OF ORANGE; BILL
CAMPBELL; JOHN MOORLACH;
JANET NGUYEN; JAMES C. PENA, in
their official and individual capacities,

          Defendants - Appellees.

No. 12-56773

D.C. No. 8:11-cv-01355-JVS-
MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted April 9, 2014
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

    William D. Fitzgerald appeals from the district court's dismissal of his facial

challenge, and grant of summary judgment to Orange County and four members of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the Orange County Board of Supervisors ("defendants" or "the county") on his as-applied challenge, to Orange County Rule of Procedure 46 ("Rule 46 ") and the Speaker Guidelines ("Guidelines") that govern public speaking during Orange County Board of Supervisors meetings. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court properly granted summary judgment on Fitzgerald's as-applied challenge. Even viewing the facts in the light most favorable to Fitzgerald, which we must at this stage, the record shows that at both meetings, Fitzgerald departed the speaker's podium of his own accord. Thus, he did not suffer injury at either meeting. We affirm the district court's grant of partial summary judgment to the county on Fitzgerald's federal and state constitutional as-applied claims.

II

The district court erred in concluding that Fitzgerald lacked standing to pursue a facial challenge. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

First Amendment cases "raise unique standing considerations that tilt dramatically toward a finding of standing." *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) (internal alterations, citations, and quotation marks omitted). In this context, a plaintiff may make a so-called "pre-enforcement" challenge to a statute that generates "an actual and well-founded fear that the challenged statute will be enforced." *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013). "In evaluating the genuineness of a claimed threat of prosecution, courts examine three factors: (1) whether the plaintiffs have articulated a concrete plan to violate the law in question, (2) whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and (3) the history of past prosecution or enforcement under the challenged statute." *Id.* at 870 (internal quotation marks omitted).

In applying these factors to this case, we conclude that Fitzgerald had standing to pursue his First Amendment facial challenges to Rule 46 and the Guidelines. First, as the district court correctly determined, Fitzgerald did have a concrete plan to violate both Rule 46 and the Guidelines. Second, Fitzgerald sufficiently established a credible threat of enforcement. Board Supervisors made

3

comments that specifically targeted the content of Fitzgerald's speech, and either explicitly stated or implied that Fitzgerald's comments had gone beyond the bounds of free speech and acceptable behavior at a board meeting. In addition, an officer approached Fitzgerald at both meetings and told him to "stand down" and followed Fitzgerald out of the room at the first meeting to reiterate that his comments were inappropriate. These actions, taken collectively, constitute more than a simple allegation of subjective chill, *Lopez*, 630 F.3d at 787, or "the mere existence of a proscriptive statute," *Libertarian Party*, 709 F.3d at 871 (internal quotation marks omitted).

Additionally, the Guidelines, which are posted on the website and available at public meetings, quote part of Rule 46 and thereby create a general and broad proscription similar to the online instructions posted by the California Secretary of State in *Libertarian Party*. 709 F.3d at 871 ("The Secretary has exercised her discretion to include this specific requirement in her instructions to candidates and to frame the requirement in absolute terms."). In sum, Fitzgerald has met the burden of showing he has a concrete plan to violate Rule 46 and the Guidelines, and that there is a credible threat of enforcement against him, and has therefore

established standing in the pre-enforcement First Amendment context.[1] The district court erred in ruling otherwise.

## III

The district court also erred in holding that Fitzgerald's claims were not ripe for review. "The constitutional component of ripeness overlaps with the 'injury in fact' analysis for Article III standing." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citing *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc)). Thus, the ripeness inquiry is "largely the same" as the one for standing. *Id.* Because the district court concluded Fitzgerald's facial challenge was not ripe "for the same reasons" that he failed to establish standing, the court erred as to ripeness as well.

## IV

Concluding that the district court erred in its holdings that Fitzgerald lacked standing to assert a First Amendment challenge and that such a challenge was not ripe for review does not end our inquiry. Remaining is the question of the merits

---

[1] Although Fitzgerald did not show a history of enforcement of Rule 46 and the Guidelines in Orange County, we conclude that this third factor is not dispositive in Fitzgerald's case. *Libertarian Party*, 709 F.3d at 872 (stating that the "history of enforcement" factor is "not dispostive," especially where "the challenged provisions have not been commonly and notoriously violated" (internal quotation marks omitted)).

of the First Amendment facial challenge to Rule 46 and the Guidelines. If the record were undeveloped, we would remand that question for the district court to decide it in the first instance. However, here, we exercise our discretion to reach the merits of Fitzgerald's facial challenge because "the issue presented is purely one of law and . . . the pertinent record has been fully developed." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Both parties agree that the controlling Ninth Circuit law was established by *White v. City of Norwalk*, 900 F.2d 1421 (9th Cir. 1990), *Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010) (en banc), and related cases. Under binding circuit law, once a government meeting is opened to public participation, it becomes a limited public forum. *City of Norwalk*, 900 F.2d at 1425. A government entity can regulate a limited public forum by placing reasonable restrictions on the time, place, and manner of speech. *Norse*, 629 F.3d at 975. It may also place restrictions on speech content, "as long as the content-based regulations are viewpoint neutral and enforced that way." *Id.*

In *City of Norwalk*, we considered an ordinance almost identical to Rule 46 and the Guidelines. In that case, we sustained the ordinance against a First Amendment challenge because of the city's interpretation that the ordinance's sanctions could only be imposed "when someone making a proscribed remark is

6

acting in a way that actually disturbs or impedes the meeting." 900 F.2d at 1424. Upon the record and the representations of counsel, we adopted the city's interpretation of the ordinance, citing *Frisby v. Schultz*, 487 U.S. 474 (1988). In *Frisby*, the Supreme Court relied on the representations of the town's counsel as to the town's interpretation of the statute. *Id*. at 480-84.

Here, the county's counsel has represented that the county has and will continue to interpret Rule 46 and the Guidelines as the city did in *City of Norwalk*, namely that sanctions could only be imposed "when someone making a proscribed remark is acting in a way that actually disturbs or impedes the meeting." Counsel further represented that the county's understanding of "disturbance" was consistent with the construction we gave it in *Norse*, namely, that the disruption must be an "actual disruption" and not "any violation of . . . decorum" or a "constructive disruption, technical disruption, virtual disruption, *nunc pro tunc* disruption, or imaginary disruption." 629 F.3d at 976. Counsel's representations are supported by the record, in which various government officials testified.

Given these binding concessions as to the County of Orange's interpretation of Rule 46 and the Guidelines, we conclude–as we did in *City of Norwalk*–that Rule 46 and the Guidelines are not facially unconstitutional. Therefore, we affirm the judgment of the district court as to the facial challenge, albeit on other grounds.

7

## V

In sum, we affirm the judgment of the district court as to the as-applied challenge. We hold that the district court erred in rejecting the facial challenge for lack of standing and ripeness. However, reaching the merits of the facial challenge, we conclude that Rule 46 and the Guidelines are not constitutionally overbroad given the restrictions and interpretations applied to the policy by the county. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**